UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. MICKEY SOCRATES FERDYNAND,<br><br>            Plaintiff,<br><br>     vs.<br><br>DISNEY ENTERPRISES and WALT DISNEY COMPANY,<br><br>            Defendants. | Case No.: 3:21-cv-50-JLS (JLB)<br><br>**ORDER RE LETTER**<br><br>(ECF No. 8) |

Presently before the Court is a letter from Plaintiff Dr. Mickey Socrates Ferdynand. ("Letter," ECF No. 8.) Plaintiff, proceeding pro se, filed this action against Defendants Disney Enterprises and The Walt Disney Company on January 8, 2021. *See* ECF No. 1. Plaintiff is alleging trademark infringement, patent infringement, and defamation. *See generally id.* On January 21, 2021, the Court dismissed Plaintiff's action for failure to pay the filing fees required by 28 U.S.C. § 1914(a). (ECF No. 6.) The Court granted Plaintiff thirty days to either (1) pay the entire civil filing and administrative fee or (2) "[c]omplet[e] and fil[e] a Motion to Proceed [in forma pauperis ("]IFP["]) with an affidavit that includes a statement of all Plaintiff's assets as required by 28 U.S.C. § 1915(a)(1) and S.D. Cal. CivLR 3.2(b)." (*Id.* at 2.)

In lieu of paying the filing and administrative fee or filing a motion to proceed IFP, Plaintiff filed the present letter. Plaintiff states in what he has labeled an "Affidavit Statement" that "I, Dr. Mickey Socrates Ferdynand®, am unable to pay the $400 filling fee due to having insufficient funds to cover the fees." Letter at 1. Plaintiff goes on to state that he is "unsure what an 'IFP' is," and he asks the Court "what is an 'asset'?" *Id.* Plaintiff also attached "the most recent balances to [his] checking and saving accounts." *Id.* at 1, 3.

Pro se litigants are generally bound to comply with the Court's Local Rules and any order of the Court. *See* S.D. Civ. R. 83.11.a ("Any person appearing propria persona is bound by these rules of court and by the Fed. R. Civ. P. or Fed. R. Crim. P. as appropriate."); *see also* S.D. Civ. R. 83.1.a ("Failure of counsel or of any party to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court" may result in sanctions, including dismissal); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa County*, 693 F.3d 896, 925 (9th Cir. 2012)); *Smith v. Frank*, 923 F.3d 139, 142 (9th Cir. 1991) ("For violations of the local rules, sanctions may be imposed including, in appropriate cases, striking the offending pleading.").

While Plaintiff's pro se status affords him a special leniency, it does not completely relieve Plaintiff of the duty to satisfy the standards set forth in the Federal Rules of Civil Procedure and the Civil Local Rules. As the Ninth Circuit has acknowledged, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys." *Jacobson v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1987) (status as a pro se litigant does not excuse plaintiff from complying with the prescribed pleading requirements); *Cato v. United States*, 70 F.2d 1103, 1106 (9th Cir. 1985) (same).

The Court is unable to evaluate Plaintiff's request to proceed IFP without a complete Application to Proceed In Forma Pauperis Form. Additionally, the Court cannot advise Plaintiff about how to proceed in his case or give him legal advice. *See Mala v. Crown*

*Bay Marina, Inc.*, 704 F.3d 239, 243 (3d Cir. 2013) ("[P]ro se litigants do not have a right to general legal advice from judges."). Further, Plaintiff is advised that any future filings in this case must comply with the Civil Local Rules and the Federal Rules of Civil Procedure. *See* S.D. Civ. R. 83.9 ("Except as otherwise provided by law, attorneys or parties to any action or proceeding must refrain from writing letters to the judge, or otherwise communicating with the judge unless opposing counsel is present.").

The Court **GRANTS** Plaintiff thirty (30) days leave from the date this Order is electronically filed to: (a) prepay the entire $402 civil filing and administrative fee in full; or (b) complete and file a motion to proceed IFP which complies with 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b).

For Plaintiff's convenience, the Court **DIRECTS** the Clerk of the Court to provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis." If Plaintiff fails to either prepay the $402 civil filing fee or fully complete and submit the enclosed Motion to Proceed IFP within 30 days, this action will remain dismissed without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement and without further Order of the Court.

**IT IS SO ORDERED.**

Dated: February 26, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge